IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PERFECTO O. OLAY, JR. | § § § § § § § § § § § |
| v. | CIVIL ACTION NO. _____ |
| AMERICAN EAGLE TANKERS, INC. | |

## NOTICE OF REMOVAL

COMES NOW, AET, Inc., Ltd. incorrectly named as American Eagle Tankers, Inc. and files this Notice of Removal, showing the Court as follows:

I.
PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

1. Plaintiff Perfecto O. Olay, Jr. filed his Original Petition on or about July 25, 2011 against Defendant in the 152nd Judicial District Court of Harris County, Texas. The lawsuit is styled Cause No. 2011-43577; *Perfecto O. Olay, Jr., v. American Eagle Tankers, Inc.* A true and correct copy of Plaintiff's Original Petition is attached hereto as Exhibit 1. Plaintiff served process to Defendant on August 2, 2011.

2. Defendant filed an Original Answer on August 30, 2011 and then filed its First Amended Answer on September 2, 2011. True and correct copies of Defendant's Original Answer to Plaintiff's Original Petition and Defendant's First Amended Answer are attached as Exhibit 2.

3. No orders have been signed by the State Court in this matter. A true and correct copy of the docket sheet in the State Court matter is attached as Exhibit 3.

4. This case is an employment wage claim in which Plaintiff claims he is due $68,500 in lost wages and benefits.

II.

REMOVAL IS BASED ON DIVERSITY AND AMOUNT IN CONTROVERSY

5.     This case is removable based upon diversity of citizenship and amount in controversy exceeding $75,000.

6.     This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332.

7.     Plaintiff Perfecto O. Olay, Jr., according to his Original Petition is a resident, and presumably a citizen, of Houston, Harris County, Texas.

8.     Defendant AET, Inc., Ltd. is now and was at the time of the filing of Plaintiff's Original Petition a Bermuda Corporation.  As such, AET, Inc., Ltd. is not a citizen of the State of Texas.

9.     As complete diversity exists this case is removable pursuant to 28 U.S.C. § 1441.

10.    The amount in controversy, though not specifically stated in Plaintiff's Original Petition, exceeds $75,000.  Plaintiff's Original Petition includes a request for "Non-payment moneys and benefits calculated at the time of his dismissal was at $68,500.00."  Plaintiff also seeks recovery of exemplary damages in addition to his claims for actual damages.  As a result the amount in controversy exceeds $75,000.  When Plaintiff has not alleged a specific dollar amount of damages being sought, the District Court may examine the Petition to determine if it is facially apparent the Plaintiff is seeking an amount in excess of $75,000.

11.    According to the prayer section of Plaintiff's Original Petition, Plaintiff is seeking to recover "exemplary damages."  In *Allen v. R.H. Oil and Gas Co.* 63 F. 3rd 1326 (5th Cir. 1993) the court held that the claim for punitive damages alone was enough to find that the amount in controversy ($50,000 at the time) was satisfied from the face of the Petition. *Id.* at 1336.  In the instant case, Plaintiff states that he is seeking "non-payment moneys and benefits calculated at $68,500.00" in addition to his claim for exemplary damages.

2

12. The exemplary damages claims in this lawsuit more likely than not exceed $75,000 as the Plaintiff claims he was "practically doing work for free…" and "was charged falsely of getting paid for work not done and dismissed." *See* paragraph's 6 and 7 of Plaintiff's Original Petition. This is a claim where Plaintiff claims he was dismissed improperly and in addition was underpaid approximately $68,500.

13. Based on a common sense reading of the Plaintiff's Original Petition, and the case law analyzing situations in which a specific amount of punitive damages are not specified, AET, Inc., Ltd. has met its burden to establish that the amount in controversy in this matter exceeds $75,000 for purposes of removal.

14. Based on the foregoing, it is apparent that: (1) there is diversity of citizenship, and (2) the amount in controversy exceeds $75,000.00. Therefore, jurisdiction exists under 28 U.S.C. § 1332 and this removal is proper. *See, e.g. Acosta v. Amoco Oil Co.,* 978 F. supp. 703, 705 (S.D. Tex. 1997) (denying motion to remand and finding that defendant proved that there was at least $75,000.00 "in controversy"); *Williams v. State Farm Mut. Auto. Ins. Co.,* 931 F. Sup. 469, 473 (S.D. Tex. 1995) (same). Accordingly, this action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and 1332, and removal jurisdiction pursuant to 28 U.S.C. § 1441.

15. Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing the Notice of Removal, with a copy of the Notice of Removal, with the 152nd Judicial District Court of Harris County, Texas and serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, AET, Inc., Ltd. hereby removes Cause No. 2011-43577 from the 152nd Judicial District Court of Harris County, Texas to this court for trial and determination, and AET Inc., Ltd. prays that all further proceedings in State Court will be stayed.

    Respectfully submitted,

    OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.


    BY:   /s/ *Barham Lewis*
    Barham Lewis
    Texas Bar No:  12277400
    S.D. Tex. No. 10203
    500 Dallas, Suite 3000
    Houston, Texas 77002-4709
    (713) 655-5767 (voice)
    (713) 655-0020 (facsimile)

    **ATTORNEYS FOR DEFENDANT**
    **AET INC., LTD.**

CERTIFICATE OF SERVICE

    That on this 2nd day of September, 2011, I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to:

Rico C. Reyes
Attorney at Law
10101 Harwin Drive, Suite 375
Houston, TX 77036

                              */s/ Barham Lewis*
                              Barham Lewis

## INDEX OF MATTERS BEING FILED
## WITH DEFENDANT'S NOTICE OF REMOVAL

1. Plaintiff's Original Petition along with the Notice of Service of Process. (Exhibit 1)
2. Defendant American Eagle Tanker, Inc.'s Original Answer filed August 30, 2011 and Defendant's First Amended Answer filed on September 2, 2011 (Exhibit 2)
3. The docket sheet (Exhibit 3);
4. A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit 4).

# EXHIBIT 4
# ATTORNEYS OF RECORD

Plaintiff's Attorney:  Rico C. Reyes
Texas Bar No.: 00786855
10101 Harwin Drive, Suite 375
Houston, Texas 77036
(713-) 270-0007
(713) 270-5050 Facsimile

Defendant's Attorney:  Barham Lewis
Texas Bar No: 12277400
S.D. Tex. No. 10203
500 Dallas, Suite 3000
Houston, Texas 77002-4709
(713) 655-5767 (voice)
(713) 655-0020 (facsimile)