IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PERFECTO O. OLAY, JR., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:11-CV-03284 |
| § | |
| AMERICAN EAGLE TANKERS, INC., § | |
| Defendant. § | |

## DEFENDANT'S MOTION TO DISMISS

Defendant AET, Inc., Ltd., incorrectly named as American Eagle Tankers, Inc., ("Defendant" or "AET"), hereby files its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support shows as follows:

### I.
### INTRODUCTION

Plaintiff Perfecto Olay, Jr. ("Olay") filed his Original Petition on July 25, 2011. AET was served with notice of the lawsuit on August 2, 2011. Defendant removed the case to this court on September 2, 2011.

Defendant AET files this Motion because Olay's Petition fails to state a claim upon which relief may be granted. Olay alleges that the lawsuit is "a result from non-payment of moneys and benefits due to plaintiff for a period of four (4) years from 2004 to 2008." Pl's Pet. at ¶ 6. Olay does not state what law or statute AET allegedly violated and the facts contained in his petition are not sufficient to state a claim of relief that is plausible on its face. Even if the Court assumes Plaintiff's allegations are true, Plaintiff's claims are barred by the applicable statutes of limitations.

## II.
## STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary pretrial and trial activity. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). In *Twombly*, the Supreme Court affirmed the proposition that a plaintiff's complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Id.* at 545. Although a plaintiff is not required to provide detailed factual allegations in his complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

The pleading standard in Rule 8(a) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189,

194 (5th Cir. 1996). In ruling on a motion to dismiss, a court should consider only those facts stated on the face of the complaint or incorporated into the complaint by reference, and matters of which judicial notice may be taken. *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017 (5th Cir. 1996). If a complaint omits facts concerning pivotal elements of a plaintiff's claim, a court is justified in assuming the non-existence of those facts. *Ledesma v. Dillard Dept. Stores*, 818 F. Supp. 983, 984 (N.D. Tex. 1993). "[C]onclusory allegations or legal conclusions set forth as factual allegations will not prevent dismissal." *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 470 (N.D. Tex. 2003).

### III.
### ARGUMENT AND AUTHORITIES

Olay alleges that his lawsuit is "a result from non-payment of moneys and benefits due to plaintiff for a period of four (4) years from 2004 to 2008." Pl's Pet. at ¶ 6. Olay further alleges that AET "failed to deliver to Plaintiff all the moneys and benefits due to him by not correctly compensating him for work done for Defendant." *Id*. He claims that "Defendant did not inform Plaintiff and his fellow workers that they were practically doing work for free for the Defendant after their regular hours of work was [sic] over." *Id*. However, nowhere in his petition does Olay specify any statute or law under which AET can be liable. Regardless, Olay's allegations, even if taken as true, do not state enough facts or state a claim for relief that is plausible on its face.

A.  **Olay's Allegations in His Petition Are Not Sufficient Under *Iqbal* or *Twombly* to Survive Dismissal.**

A claim is "plausible on its face" when the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A reasonable inference only exists when the complaint includes facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

3

An inference is not reasonable when a complaint "pleads facts that are merely consistent with" an allegation that a party acted unlawfully. *Id.* "A district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 127 S.Ct. at 1967; *see also Iqbal*, 129 S.Ct. at 1950 (indicating civil pleading requirements cannot be used to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

Olay's failure to identify any statutory or legal basis for his allegations prevents AET from determining the law Olay claims it violated, and as a result his complaint does not, as it must, "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *See Twombly*, 555 U.S. at 545 (citing FED. R. CIV. P. 8(a)(2)).

Courts in the Fifth Circuit have dismissed cases pursuant to Rule 12(b)(6) where plaintiffs have failed to identify the legal basis for their claims. *See Sarsour v. Oakwood Shopping Center Ltd. Partnership*, 2010 WL 989176, at *2-3 (E.D. La. March 12, 2010). Granting dismissal, the court in *Sarsour* reasoned as follows:

> [T]he complaint must include enough information to apprise the Court and Defendants of the asserted basis for the claim(s) and the Court's jurisdiction over them. And, once presented with a motion to dismiss, Plaintiffs cannot simply cite to Rule 8 and expect the Court to scour federal statutes and case law to determine whether Plaintiffs' scanty factual allegations yield a federal remedy. To the contrary, although the Court is charged with determining matters of law, **the parties are charged with adequately briefing these issues, which includes citation of supporting legal authority.**

*Id.* at *3. (emphasis added).

Here, like the plaintiff in *Sarsour*, Olay has not provided any legal basis or authority to establish the court's jurisdiction over his claims. Indeed, like in *Sarsour*, Olay's petition will require the court to "scour federal statutes and case law to determine whether Plaintiffs' scanty

factual allegations yield a federal remedy." Because Olay's petition plainly does not give AET fair notice of his claim, dismissal is required.

Regardless of the insufficiency of Olay's pleadings with respect to the legal basis of his lawsuit, Olay also has not alleged enough facts that would allow this court to draw a reasonable inference that AET violated any law by allegedly improperly compensating Olay. Indeed, Olay's complaint is so bare he has completely failed to state whether he was employed by AET and in what capacity (i.e. part time, full time, as an independent contractor, etc.). Olay also did not state what type of work he was employed to perform. Further, Olay failed to state whether he was paid hourly or if he received a salary, he does not specify how often or by what metric he was compensated, and he does not give the court any indication as to type of compensation allegedly not paid (i.e., overtime wages, minimum wage, etc.). Olay's factual omissions show no more than a "mere possibility that a defendant has acted unlawfully" and does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal,* 129 S.Ct. at 1949. Thus, according to *Iqbal* and *Twombly,* the alleged facts contained in Olay's pleading are insufficient to state a claim upon which relief may be granted. *See Iqbal,* 129 S.Ct. at 1949; *Twombly,* 555 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."). Accordingly, Olay's complaint should be dismissed under Rule 12(b)(6).

**B.  Even Assuming the Facts in Olay's Complaint are True, Olay's Complaint Should be Dismissed Pursuant to Rule 12(b)(6).**

Assuming Olay is asserting claims for the improper payment of wages under the Fair Labor Standards Act ("FLSA"), and assuming Olay's factual assertions contained in his petition are true, Olay's claims under the FLSA are barred by the statute of limitations. Any cause of

action for unpaid overtime or liquidated damages under the FLSA must be commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause accrued. 29 U.S.C. § 225(1)(a).

Olay specifies in his petition that AET allegedly did not pay him "moneys and benefits due to [him] for a period of four (4) years from 2004 to 2008." Pl's Pet. at ¶ 6. Olay filed his petition in state court on July 25, 2011, more than two years after the last date Olay states wages or benefits were not properly paid. Thus, a cause of action for AET's alleged FLSA violations for the underpayment or improper payment of wages between the years 2004-2008 clearly is barred by the FLSA's two-year statute of limitations.

Further, Olay does not provide any factual assertion in his petition to indicate that AET's alleged FLSA violations were "willful," which would allow him to bring a cause of action for any alleged FLSA violations within three years after the cause accrued. Under the FLSA, a violation is "willful" if the employer either "knew or showed reckless disregard for ... whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (quoting *McLaughlin v. Richland Show Co.*, 486 U.S. 128, 133 (1988)). Olay simply rests on his conclusory allegations that AET "unlawfully" withheld "moneys and benefits." Such conclusory allegations do not establish AET violated any statute, much less did it willfully. *See Twombly*, 555 U.S. at 545 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions").

## IV.
### CONCLUSION

For the foregoing reasons, Defendant AET, Inc., Ltd. respectfully asks the Court to dismiss Plaintiff Perfecto O. Olay Jr.'s claims with prejudice and for such other relief to which it is entitled.

Respectfully submitted,

*/s/ Barham Lewis*
Barham Lewis
Attorney-in-Charge
Texas Bar No. 12277400
Martin A. Rodriguez
Texas Bar No. 24071129
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
713.655.5767 (phone)
713.655.0020 (fax)

**ATTORNEYS FOR DEFENDANT AET, INC. LTD., AMERICAN EAGLE TANKERS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2011, a true and correct copy of the foregoing document was served pursuant to the Texas Rules of Civil Procedures, on the following:

Rico C. Reyes
Attorney at Law
10101 Harwin Drive, Suite 375
Houston, TX 77036

*/s/ Barham Lewis*
Barham Lewis

7